```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. 08-2079 (MLC) |
| Plaintiff, | : | **O R D E R** |
| v. | : |  |
| RUTH PATRAS, | : |  |
| Defendant. | : |  |

**PLAINTIFF** having commenced this action against defendant to (1) establish transferee liability under the Uniform Fraudulent Transfer Act, N.J.S.A. § 25:2-20 <u>et</u> <u>seq.</u>, (2) declare that defendant owns property subject to federal tax liens pursuant to 26 U.S.C. §§ 6321 and 6322, and (3) establish that plaintiff is entitled to a judgment against defendant of $804,614.00 (dkt. entry no. 1, Compl. at 3-5); and plaintiff having filed a request for entry of default on May 30, 2008 after defendant failed to file an answer or otherwise respond to the complaint (dkt. entry no. 4); and the Clerk of the Court having granted the request for entry of default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) on June 2, 2008 (dkt. entry no. 5); and defendant subsequently filing an answer to the complaint on June 4, 2008, and again on July 14, 2008 (dkt. entry nos. 6, 9); and plaintiff moving for entry of judgment by default on June 5, 2008 (dkt.

entry no. 7); and defendant cross-moving for dismissal of the complaint pursuant to Rule 12(b)(6) (dkt. entry no. 11); and

**THE COURT** reviewing the papers submitted in support of and in opposition to the motion and cross motion (dkt. entry nos. 7, 11-12);[1] and the Court deciding the motion and cross motion without oral hearing and on the papers, see Fed.R.Civ.P. 78(b); and

**IT APPEARING** that a Court may set aside an entry of default judgment "for good cause," see Fed.R.Civ.P. 55(c); and it appearing that the decision to set aside an entry of default is within the Court's discretion, Farnese v. Bagnasco, 687 F.2d 761, 763-64 (3d Cir. 1982); and it appearing in exercising that discretion the Court should consider whether (1) the plaintiff will be prejudiced in pursuing the claim, (2) the defaulting defendant has a meritorious defense, one that if proven at trial would constitute a complete defense to the action, and (3) the default is the result of conduct by the defendant that is culpable, willful, or in bad faith, id. at 764, see Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); and the Court noting that the entry of judgment by default is strongly disfavored, Farnese, 687 F.2d at 764; and

---

[1] Defendant has not opposed the motion for entry of judgment by default.

**THE COURT FINDING** that (1) plaintiff will not be prejudiced in pursuing its claim if the entry of default is set aside, as no change in its ability to bring the case has been alleged, (2) this action was in the early stages, (3) defendant answered the complaint, (4) defendant has asserted defenses that may be complete defenses to this action if proven at trial, and (5) defendant's failure to answer or otherwise respond to the complaint within the set time frame was not willful or in bad faith, see Feliciano, 691 F.2d at 656-58; and the Court thus intending to (1) deny the motion for entry of judgment by default without prejudice to the plaintiff to move for further relief in a more appropriate manner, e.g., summary judgment in its favor, and (2) set aside the entry of default; and

**DEFENDANT** alleging that, pursuant to N.J.S.A. § 25:2-31(a), plaintiff's claim falls outside of the statute of limitations because claims of fraudulent transfers "must be brought within four years after the transfer was made or the obligation was incurred, or, if later, within one year after the transfer of obligation was discovered by the claimant" (dkt. entry no. 11, Pl. Br. at 5); and it appearing that "it is beyond dispute that the United States, where it is acting in its government capacity, is not bound by local statutes of limitations absent its consent," United States v. Perrina, 877 F.Supp. 215, 217-18

(D.N.J. 1994); see United States v. Jones, 916 F.Supp. 383 (D.N.J. 1995); and it further appearing that "a tax lien is enforceable by court action for 10 years," Perrina, 877 F.Supp at 218; see 26 U.S.C. § 6502; and the Court thus intending to deny the cross motion for dismissal as it is without merit; and for good cause appearing,

**IT IS THEREFORE** on this    1st    day of December, 2008 **ORDERED** that the default entered against the defendant for failure to plead (dkt. entry no. 5) is **SET ASIDE** pursuant to Federal Rule of Civil Procedure 55(c); and

**IT IS FURTHER ORDERED** that the motion under Federal Rule of Civil Procedure 55(b)(2) for entry of judgment by default (dkt. entry no. 7) is **DENIED WITHOUT PREJUDICE;** and

**IT IS FURTHER ORDERED** that the cross motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. entry no. 11) is **DENIED.**

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge